MAURICE *v.* SCHRAMM.

1. LOST INSTRUMENTS—DEEDS—EVIDENCE—SUFFICIENCY.
   In suit to restore lost deed, conclusion of trial court that lost deed was executed and should be restored, *held*, justified by testimony.

2. LIMITATION OF ACTIONS—LOST DEED—SHERIFF'S DEED.
   Suit to establish lost deed from grantee in sheriff's deed is not barred by statute of limitations (3 Comp. Laws 1929, § 13964 [1]), pertaining to title under sheriff's deed, since plaintiff is not attacking said deed, nor claiming title adversely thereto, but claims thereunder and by subsequent conveyance.

Appeal from Wayne; Searl (Kelly S.), J., presiding. Submitted October 11, 1932. (Docket No. 63, Calendar No. 36,369.) Decided December 6, 1932.

Bill by Emile Maurice against Eric Schramm to restore a lost deed. Cross-bill by defendant against plaintiff and others to clear title. Decree for plaintiff. Defendant Schramm appeals. Affirmed.

*William E. Dowling* (*Samuel W. Shier*, of counsel), for appellant.

*Barbour & Martin* (*Henry C. L. Forler*, of counsel), for appellee.

Fead, J. This is a bill to restore a lost deed.

In 1920 plaintiff, a retired farmer with some wealth, loaned Robert Wilson money which, with bonus, amounted to $14,400, secured by real estate mortgage. He and defendant had been friends for many years, and on May 6, 1922, plaintiff assigned the mortgage to defendant, taking his note for $14,400. Shortly thereafter the mortgage was foreclosed, and sheriff's deed issued to defendant on October 3, 1922. It is plaintiff's claim that on the same day, or shortly thereafter, defendant executed a quitclaim deed of the premises to plaintiff and delivered it to the latter's attorney, John C. Tobias, who failed to have it recorded, and who lost it.

The testimony portrays an unusual case of business dealing unless, as might be suspected from the testimony, the transaction was colorable to save the loan from a possible defense of usury. The advantage of personal observation of the witnesses was substantial. The circuit court held the deed had been executed by defendant to plaintiff, and decreed its restoration.

It is established that Tobias conducted the foreclosure proceedings, and plaintiff paid the expenses. Tobias managed the property for plaintiff until 1925. In January, 1928, plaintiff entered into an agreement to sell to Albert E. Day. In this transaction plaintiff invested $15,000 in remodeling the two-family flat on the lot into a seven-family apartment and connecting it with a similar building on

an adjoining lot owned by plaintiff, so that a single heating plant served both buildings. Trouble arose between plaintiff and Day, and the latter's contract was declared forfeited in November, 1930. In connection with the trouble, Mr. Tobias searched for the deed, was unable to find it, and ascertained it had not been recorded. Demand for a deed was made on defendant and refused.

Defendant paid no attention to the property nor made any claim to it until 1929, when, in the controversy with plaintiff, Day brought it to defendant's attention. It is evident that, on finding that the record title was in him, a desire to claim the property arose in defendant.

We think the testimony is clear that, out of the transaction between plaintiff and defendant, both fully understood, and so acted, that the property belonged to plaintiff, and, with the direct testimony of execution of the deed, justified the conclusion of the court that the lost deed was executed and should be restored.

Defendant's claim that the statute of limitations, 3 Comp. Laws 1929, § 13964 (1), pertaining to title under sheriff's deed on foreclosure, bars the action, is untenable. Plaintiff is not attacking the deed nor claiming title adversely thereto, but claims thereunder and by subsequent conveyance.

Decree is affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.